# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

**NEGAR ABKAR ESFAHANI**                     **CIVIL DOCKET NO. 3:26-CV-713**

**VERSUS**                                              **JUDGE TERRY A. DOUGHTY**

**WARDEN**                                              **MAGISTRATE JUDGE HORNSBY**

## MEMORANDUM ORDER

Before the court is a petition for writ of <u>habeas</u> <u>corpus</u> filed by <u>pro</u> <u>se</u> petitioner Negar Abkar Esfahani, ("Petitioner"), pursuant to 28 U.S.C. §2241.  Petitioner is an immigration detainee at the Richwood Correctional Center in Monroe, Louisiana. Petitioner seeks immediate release from detention or, alternatively, a bond hearing.

A court may order a respondent to file an answer, motion, or other response, in its discretion.  <u>See</u> <u>generally</u> 28 U.S.C. § 2243; Rule 4 of the Rules Governing § 2254 Cases; <u>Danforth v. Minnesota</u>, 552 U.S. 264, 278 (2008); <u>Maniar v. Warden Pine Prairie Corr. Ctr.</u>, 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. 2018) (Hanna, M.J.).[1]  This court has determined that a 21 day briefing schedule with seven days to reply is reasonable and appropriate in cases like Petitioner's.

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases.  <u>See</u> <u>Hickey v. Adler</u>, 2008 WL  835764, *2 (E.D. Cal. 2008); <u>Castillo v. Pratt</u>, 162 F. Supp. 2d 575,

Accordingly, to determine whether Petitioner is entitled to relief;

**THE CLERK IS DIRECTED** to serve a summons, a copy of the Petition (Doc. 1), and a copy of this Order, by certified mail, on: (1) the United States through the United States Attorney for the Western District of Louisiana; (2) the United States Attorney General; (3) DHS/ICE through its Office of General Counsel; and (4) the Warden where Petitioner is detained.

**IT IS ORDERED** that a Response be filed within **21 days** following the date of service, with summary judgment evidence indicating whether Petitioner's order of removal is final, whether there is a significant likelihood of removal in the reasonably foreseeable future, and whether Petitioner's detention is otherwise lawful.  This evidence shall include information regarding efforts made to obtain travel documents from any country.

**IT IS FURTHER ORDERED** that Petitioner shall have **seven days** following the filing of Respondents' answer to file a reply and produce contradictory summary judgment evidence on the issue of the lawfulness of his detention.

After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Order to Show Cause and to Expedite (Doc. 4) is **DENIED**.  Respondents have been ordered to file a response to this petition and the court will consider this matter in due course.

THUS DONE AND SIGNED, in chambers, in Shreveport, Louisiana, on this 8th day of May 2026.

Mark L. Hornsby
U.S. Magistrate Judge

577 (N.D. Tex. 2001); Wyant v. Edwards, 952 F. Supp. 348 (S.D.W. Va. 1997); see also Taylor v. Gusman, 20-CV-449, 2020 WL 1848073, at *1 (E.D. La. Apr. 13, 2020) ("District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241").